IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TROY HOWARD,                        )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )        CAUSE NO. 3:17-CV-240
                                    )
BILL MILLER,                        )
                                    )
Defendant.                          )

## OPINION AND ORDER

This matter is before the Court on the Prisoner Complaint,
filed by Plaintiff, Troy Howard, a *pro se* prisoner, on March 27,
2017. For the reasons set forth below, the Court **DISMISSES** the
complaint for lack of subject matter jurisdiction (DE 1).


BACKGROUND

Troy Howard ("Howard"), is currently an inmate at the Miami
Correctional Facility ("Miami"). He was originally arrested and
held at the Warren County Jail. Howard brings suit against Bill
Miller, the Warren County Sheriff, for transporting him from the
Warren County Jail to Miami due to his diabetes. Howard claims
Sheriff Miller's actions violated Indiana Code § 35-33-11-1, which
provides:

> Upon motion by the [sheriff]: alleging that an
> inmate in a county jail awaiting trial is in danger of
> serious bodily injury or death or represents a
> substantial threat to the safety of others, the court
> shall determine whether the inmate is in imminent danger

-1-

of serious bodily injury or death, or represents a substantial threat to the safety of others. If the court finds that the inmate is in danger of serious bodily injury or death or represents a substantial threat to the safety of others, it shall order the sheriff to transfer the inmate to another county jail or to a facility of the department of correction designated by the commissioner of the department as suitable for the confinement of that prisoner and provided that space is available. For the purpose of this chapter, an inmate is not considered in danger of serious bodily injury or death due to an illness or other medical condition.

Ind. Code § 35-33-11-1.


DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se*

is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because jurisdiction is the first question in every federal case, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), the court must address whether it has subject matter jurisdiction. This court has jurisdiction over state law claims, such as those brought here, only if there is diversity of citizenship. "In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). The complaint does not allege, and it is implausible to find, that the parties have complete diversity of citizenship. Indeed, it appears as though both parties are citizens of Indiana. ECF 1; ECF 3 at 2. As such, this case must be dismissed for lack of subject matter jurisdiction.


CONCLUSION

For the reasons set forth above reasons, the court **DISMISSES** the complaint for lack of subject matter jurisdiction.

DATED: April 20, 2017          /s/RUDY LOZANO, Judge
                               United States District Court